FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 08, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STERLING AND WILSON SOLAR SOLUTIONS, INC., a Delaware corporation,<br><br>                              Plaintiff,<br><br>      v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, Bond No. 1161556,<br><br>                              Defendant. | NO. 1:24-CV-3022-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND |

BEFORE THE COURT is Plaintiff's Motion for Remand and Attorney's Fees (ECF No. 5). The matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's motion for remand (ECF No. 5) is **GRANTED**.

### BACKGROUND

Plaintiff Sterling and Wilson Solar Solutions, Inc. developed a solar power

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND ~ 1

plant in Klickitat County, Washington, on behalf of Lund Hill Solar, LLC. ECF No. 5 at 1. When Lund Hill allegedly failed to pay Plaintiff upon completion of the work, Plaintiff filed a lien against the property for the amount due. *Id.* Defendant Liberty Mutual Insurance then intervened to release the property from the lien by filing Bond Number 1161556 with the Klickitat County Auditor's Office. *Id.* at 2. Plaintiff subsequently filed a complaint to foreclose on the lien in Klickitat County Superior Court. *Id.*

Pursuant to RCW 48.05.200, Plaintiff served Defendant via the Washington State Office of the Insurance Commissioner. *Id.* at 2, ¶ 2. The Insurance Commissioner's Office accepted service on behalf of Defendant on January 9, 2024. *Id.* at 3, ¶ 3. Defendant confirmed receipt of the complaint on January 16, 2024. *Id.* at ¶ 4. On February 16, 2024—31 days after the date of receipt and 38 days after the date of service—Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *Id.* at ¶ 5; *see also* ECF No. 1 at 1.

## DISCUSSION

Plaintiff argues remand is warranted because Defendant's complaint was untimely. ECF No. 5 at 4-7. Defendant does not oppose Plaintiff's motion to remand, but suggests that remand is warranted because Lund Hill, a non-diverse party, is apparently likely to intervene in this action and destroy complete

1  diversity.  ECF No. 7 at 1-2.  Defendant did not respond to Plaintiff's discussion of

2  timing or request for attorney's fees.

3  **I.    Remand**

4        Under Article III, "[t]he judicial Power shall extend" to "[c]ontroversies . . .

5  between citizens of different States."  U.S. Const. Art. III, § 2.  Drawing from that

6  authorization and beginning with the Judiciary Act of 1789, Congress has

7  continuously permitted federal district courts "to exercise jurisdiction based on the

8  diverse citizenship of parties."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

9  Under the current federal statute governing diversity jurisdiction, "[t]he district

10 courts shall have original jurisdiction of all civil actions where the matter in

11 controversy exceeds the sum or value of $75,000, exclusive of interests and costs

12 and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  For the

13 court's exercise of jurisdiction under § 1332(a) to be effective, diversity must be

14 "complete," meaning "each of the plaintiffs must be a citizen of a different state

15 than each of the defendants."  *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095

16 (9th Cir. 2004) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th

17 Cir. 2001)).  Further, diversity is based upon the identities of the real parties in

18 interest.  *Miss. Ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014)

19 ("We have . . . require[d] courts in certain contexts to look behind the pleadings to

20

ensure that parties are not improperly creating or destroying diversity

jurisdiction.").

Additionally, any notice of removal must comport with various procedural

requirements.  Among them is the condition that the notice of removal must be

filed within 30 days after the defendant's receipt of a copy of the initial pleading or

within 30 days after the service of the summons, whichever period is shorter.  28

U.S.C. § 1446(b)(1).  Likewise, any motion to remand "on the basis of any defect

other than lack of subject matter jurisdiction must be made within 30 days after the

filing of the notice of removal." 28 U.S.C. § 1447(c).

In this case, Defendant's notice of removal was untimely.  Defendant filed

the notice of removal on February 16, 2024—over 30 days past service upon the

Office of the Insurance Commissioner on January 9, 2024.  Under § 1446(b)(1),

the case should have been removed by at least February 8, 2024.  By contrast,

Plaintiff's motion for remand was timely filed on March 18, 2024.  *See* § 1447(c).

Because the notice of removal was untimely, remand is warranted in this

case.  *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006)

(remand is appropriate when the defendant's notice of removal is untimely); *Boggs

v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988) ("This court strictly construes the

removal statute *against* removal jurisdiction.") (emphasis added).  Defendant, who

does not oppose removal, has alternatively suggested that this Court's exercise of

subject-matter jurisdiction under § 1332(a) may be in issue because Lund Hill, a

non-diverse party, may seek to intervene at some future time.  At this stage, the

Court declines to speculate about whether it would have subject-matter jurisdiction

if Lund Hill were to join in this action.  It is sufficient to find that the notice of

removal was defective as a procedural matter.

## II.    Attorney's Fees

Plaintiff requests attorney's fees and costs for the expenses incurred in

bringing this motion under 28 U.S.C. § 1447(c).  ECF No. 5 at 8-9.  Defendant did

not respond to this argument.  The Court retains jurisdiction to decide this

collateral matter.  *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th

Cir. 1992) ("[B]ecause the award of attorney's fees pursuant to 28 U.S.C. §

1447(c) is collateral to the decision to remand, the district court retained

jurisdiction after remand to entertain Plaintiffs' motion for attorney's fees.").

Although Defendant's notice of removal was overdue, it was not premised

on an objectively unreasonable basis.  As it stands so far, there is complete

diversity between the parties and the parties are in apparent agreement that over

$75,000 is at stake; in other words, the error which requires remand is procedural,

not jurisdictional.  Thus, Defendant presented an objectively reasonable basis for

removal, and the Court declines to award attorney's fees and costs.  *See Martin v.*

*Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) ("[A]bsent unusual

circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Remand (ECF No. 5) is **GRANTED**. The matter is hereby **REMANDED** to the Superior Court of Washington for Klickitat County for all further proceedings (cause number 24-2-00007-20).

2. Plaintiff's request for attorney's fees and costs is **DENIED**.

The District Court Executive is directed to enter this Order, furnish copies to counsel, *mail a certified copy to the Clerk of the Klickitat County Superior Court*, and **CLOSE** the file.

DATED May 8, 2024.



THOMAS O. RICE
United States District Judge